UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDUARDO ECHEGOYEN COHEN,

*Plaintiff,*

v.

UR M. JADDOU, Director of United States Citizenship and Immigration Services,

*Defendant.*[1]

---

No. 21-CV-5025 (PAC)

**OPINION & ORDER**

Plaintiff Eduardo Echegoyen Cohen ("Plaintiff") has a pending I-526 immigrant visa petition, filed October 23, 2019. On June 7, 2021, Plaintiff filed this Complaint against the Director of U.S. Citizenship and Immigration Services ("USCIS") seeking to compel USCIS to adjudicate his application for a green card. Compl., ECF No. 1. Plaintiff contends that USCIS has not adjudicated the application within a reasonable amount of time. USCIS moves to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion to dismiss is **GRANTED**.

## **BACKGROUND**

### I. Plaintiff's Application

The case concerns Plaintiff's application for an investor's visa known as an EB-5 visa. "The EB-5 program allots visas to immigrants who have 'invested . . . capital' in a [new commercial enterprise] that will 'create full-time employment for not fewer than 10 United States citizens' or foreign nationals authorized to work in the United States . . . ." *Saharia v. United*

---

[1] This case was initially brought against Tracy Renaud as Acting Director of the United States Citizenship and Immigration Services ("USCIS"). Ur M. Jaddou now serves as Director of USCIS. She is therefore automatically substituted into this action pursuant to Fed. R. Civ. P. 25(d).

1

*States Citizenship & Immigr. Servs.*, No. 21 CIV. 3688 (NSR), 2022 WL 3141958, at *1 (S.D.N.Y. Aug. 5, 2022) (quoting 8 U.S.C. § 1153(b)(5)). These visas "are available to applicants who make a [] capital investment in a commercial enterprise (ranging from $500,000 to $1,800,000, depending on the date and target of the investment)." *Da Costa v. Immigr. Inv. Program Off.*, No. CV 22-1576 (JEB), 2022 WL 17173186, at *1 (D.D.C. Nov. 16, 2022). To satisfy the requirement to create "full-time employment," an investor may participate in the Regional Center Program established under the "Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993," PL 102–395, October 6, 1992, 106 Stat 1828. Essentially, the Program allows noncitizens to "demonstrate that their investment is within an approved regional center and that the investment will 'create jobs indirectly through revenues generated from increased exports resulting from the new commercial enterprise.'" *Saharia*, 2022 WL 3141958, at *1 (quoting 8 C.F.R. § 204.6(j)(4)(iii), (m)(7)).

Plaintiff is a citizen of El Salvador who resides in the United States as a student at Washington University. Compl. ¶¶ 1, 19. He invested $500,000 in EB-5 Capital – Jobs Fund 22, LP which was formed to invest foreign capital in the development and operation of a "luxury hotel development" at 1185 Broadway in New York City. *Id.* ¶ 7. The project qualified as part of the Regional Center Program. *Id.* Based on his investment, Plaintiff seeks legal permanent resident status in the United States. *Id.* He filed his I-526 petition on October 23, 2019. *Id.* ¶ 8. The application remains pending. *Id.* ¶ 6.

## II. Plaintiff's Application Delay

Plaintiff alleges that, in the fiscal year ending October 1, 2019, the average processing time of an EB-5 visa was 19 months. *Id.* ¶ 9. As of this Order, Plaintiff's Application has been pending for approximately 41 months. *Id.* ¶ 8. Plaintiff alleges this delay has caused him "irreparable

harm," as it has limited his capacity to seek employment upon the completion of his degree. *Id.* ¶ 19. Further, he alleges he is unable to attend a "mandatory study abroad" program because he does not have the documentation to re-enter the United States. *Id.*

### III. USCIS Visa Processing Approach

On January 29, 2020, USCIS announced that it would modify its case assignment process for Form I-526 to prioritize "petitions where visas are immediately available, or soon available." *Id.* ¶ 12; USCIS, *USCIS Adjusts Process for Managing EB-5 Visa Petition Inventory* (Jan. 29, 2020), https://www.uscis.gov/archive/uscis-adjusts-process-for-managing-eb-5-visa-petition-inventory ("Visa Availability Press Release").[2] This approach is widely known as the "visa availability" approach. USCIS accounts for (1) whether an EB-5 visa is available in an applicant's country and (2) whether an "underlying project has been reviewed" by USCIS. USCIS, *Questions and Answers: EB-5 Immigrant Investor Program Visa Availability Approach* (last visited Mar. 12, 2023) ("Visa Availability Approach Q & A"), https://www.uscis.gov/working-in-the-united-states/permanent-workers/employment-based-immigration-fifth-preference-eb-5/questions-and-answers-eb-5-immigrant-investor-program-visa-availability-approach. According to Plaintiff, EB-5 visas are immediately available in El Salvador. Compl. ¶ 12.

On July 1, 2021, the statutory authorization for the EB-5 Immigrant Investor Regional Center Program expired. *See Punt v. United States Citizenship & Immigr. Servs.*, No. CV 22-1218 (RC), 2023 WL 157320, at *1 (D.D.C. Jan. 11, 2023); *see also* ECF Nos. 9, 11 (parties' letters upon consent to stay the case based on the statutory expiration). Upon the sunset of the statutory

---

[2] As the Court discusses *infra*, it takes judicial notice of publications from the USCIS website.

authorization, USCIS placed related applications (including Plaintiff's Application) on hold.[3]  On March 15, 2022, President Biden signed the Consolidated Appropriations Act, 2022, which reinstated and reformed the Regional Center Program.  Pub. L. No. 117-103.  Following the new legislation, USCIS resumed processing I-526 petitions.

### IV. Procedural History

On June 7, 2021, Plaintiff commenced this action seeking to compel the adjudication of his I-526 application.  *See generally* Compl.  He alleges (1) violations of the Mandamus act, 28 U.S.C. § 1361; and (2) violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq*.  On August 26, 2022, Defendant filed a motion to dismiss the Complaint, arguing that Plaintiff failed to allege his wait time has been unreasonable.

## DISCUSSION

### I. Legal Standard for a Motion to Dismiss under Rule 12(b)(6)

Under Federal Rule of Civil Procedure12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The Court draws all inferences in favor of the Plaintiff as the nonmoving party. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019).  The Court may consider facts alleged in the Complaint as well as documents that it attaches or incorporates by reference. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

---

[3] Judge Nathan, who was formerly assigned to this case, granted two stays on this action due to this expiration on July 29, 2021, and October 12, 2021.  ECF Nos. 10, 12.

4

## II. APA Claim

Plaintiff first claims the Administrative Procedure Act ("APA") requires the Court to compel USCIS to expedite his Application. This claim fails.

The APA allows federal courts to review agency actions that are either not completed "within a reasonable time" or are "unreasonably delayed." 5 U.S.C. §§ 555(b), 706(1). In determining reasonableness, "[Courts] look to the source of delay—e.g., the complexity of the [agency adjudication] as well as the extent to which the defendant participated in delaying the proceeding." *Reddy v. Commodity Futures Trading Comm'n*, 191 F.3d 109, 120 (2d Cir. 1999). Courts in this District also apply the six factors established by the D.C. Circuit in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). *See NRDC v. FDA*, 710 F.3d 71, 84 (2d Cir. 2013) (citing *TRAC* as "setting forth test for determining if agency action is unreasonably delayed"). The *TRAC* factors are: (1) the time agencies take to make decisions, which is governed by "a rule of reason"; (2) whether Congress has provided a timetable that informs this rule of reason; (3) whether "human health and welfare are at stake," in which case delays are "less tolerable"; (4) whether expediting the delayed action will impact agency activities of a higher or competing priority; (5) the interests prejudiced by delay; and (6) whether there has been agency "impropriety" contributing to the delay. *See, e.g., Saharia*, 2022 WL 3141958, at *4; *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 51 (S.D.N.Y. 2020). The Court finds that, on whole, the *TRAC* factors favor dismissal.

### A. Judicial Notice

Generally, because the *TRAC* factors are "fact-sensitive," they are "usually inappropriate" to apply at the motion-to-dismiss stage. *See Saharia*, 2022 WL 3141958, at *4. Nonetheless, both parties' briefs relied extensively on the factors, and courts often apply them at this stage. *Aydemir*

5

*v. Garland*, No. 22-CV-100 (PAC), 2022 WL 4085846, at *3 n.2 (S.D.N.Y. Sept. 6, 2022). Thus, the Court applies the *TRAC* factors at this stage as well, construing the facts in the light most favorable to Plaintiff.

Additionally, the Court takes judicial notice of several items from the USCIS website: (1) USCIS visa processing times; (2) the USCIS Visa Availability Press Release regarding the visa availability approach; and (3) the Visa Availability Q & A, explaining the approach. The authenticity of this website is not in dispute, and courts often take notice of USCIS publications when adjudicating APA claims. *See, e.g., Olofin v. U.S. Citizenship & Immigr. Servs.*, No. 22-CV-01684 (DLF), 2023 WL 1860962, at *3 n.3 (D.D.C. Feb. 9, 2023) (cleaned up) ("The Court may take judicial notice of the facts regarding the operation of the EB-5 visa program made publicly available on the USCIS website."). Separately, the Court notes that USCIS processing times are incorporated by reference into the Complaint, as Plaintiff directly cites to that portion of the USCIS website. Compl. ¶ 9 n.1; *Mockingbird 38, LLC v. Int'l Bus. Times, Inc.*, No. 21-CV-283 (LJL), 2022 WL 154137, at *4 (S.D.N.Y. Jan. 18, 2022) (incorporating into a complaint by reference a document cited by URL).

## B. *TRAC* Factor 1: Rule of Reason

The D.C. Circuit characterizes the first *TRAC* factor—whether or not USCIS is governed by a "rule of reason"—as the "most important" of the *TRAC* factors. *In re Core Communs., Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). "Indeed, only the first TRAC factor is phrased as a categorical command: the time agencies take to make decisions *must* be governed by a rule of reason." *Jingjing Liu v. Mayorkas*, No. 20-cv-654, 2021 WL 2115209, at *3 (D.D.C. May 25, 2021).

Defendant identifies the "visa availability" approach USCIS uses on immigrant visa petitions as the "rule of reason" that governed its decision-making in this case. However, Courts

6

disagree as to whether or not the visa availability approach can constitute a "rule of reason."[4] This disagreement exists even in *within* this District. *Compare Lyons v. United States Citizenship & Immigr. Servs.*, No. 21-CV-3661 (JGK), 2023 WL 144879, at *4–5 (S.D.N.Y. Jan. 10, 2023) (declining to find a rule of reason on a Rule 12(b)(6) motion where USCIS used the visa availability approach), *with Saharia*, 2022 WL 3141958, at *4 (finding the visa availability approach was a rule of reason).

The Court finds that, as a matter of law, the visa availability approach is a rule of reason. Both parties define this approach as giving "adjudication priority" to petitions where visas are currently available or soon to be available as a way to speed up the process for those whose visas would be available upon petition adjudication. Compl. ¶ 12; Visa Availability Press Release. The process is then governed by a "first in, first out" approach of processing petitions in the order the agency receives them, similar to the process recently upheld by this Court as reasonable. Visa Availability Q & A; *see Aydemir*, 2022 WL 4085846, at *4 (Crotty, J.). Crucially, Plaintiff does not appear to challenge that the visa availability approach is a rule of reason. Pl.'s Opp. at 2–3,

---

[4] *Compare Lyons v. United States Citizenship & Immigr. Servs.*, No. 21-CV-3661 (JGK), 2023 WL 144879, at *5 (S.D.N.Y. Jan. 10, 2023) (declining to decide that the approach is a rule of reason at the motion to dismiss stage); *Hasou v. Jaddou*, 20-cv-4516, slip op. at 4–6 (E.D.N.Y. Nov. 29, 2022); *Fisher v. Renaud*, No. CV 21-2690-DMG (EX), 2022 WL 3574703, at *5 (C.D. Cal. July 15, 2022); *Nadhar v. Renaud*, No. CV-21-00275-PHX-DLR, 2022 WL 684338, at *4 (D. Ariz. Mar. 8, 2022), *with Punt v. United States Citizenship & Immigr. Servs.*, No. CV 22-1218 (RC), 2023 WL 157320, at *4 (D.D.C. Jan. 11, 2023) (finding the approach to be a rule of reason); *Bega v. Jaddou*, No. CV 22-02171 (BAH), 2022 WL 17403123, at *6 (D.D.C. Dec. 2, 2022) (same); *Otto v. Mayorkas*, No. 8:22-CV-1172-WFJ-SPF, 2023 WL 2078270, at *4 (M.D. Fla. Feb. 17, 2023) ("It is well-established that the visa availability approach for the processing of I-526 petitions constitutes a recognized rule of reason as well as an 'identifiable rationale.'"); *Osechas Lopez v. Mayorkas*, No. 22-CIV-21733, 2023 WL 152640, at *5 (S.D. Fla. Jan. 10, 2023); *Da Costa v. Immigr. Inv. Program Off.*, No. CV 22-1576 (JEB), 2022 WL 17173186, at *9 (D.D.C. Nov. 16, 2022); *Telles v. Mayorkas*, No. CV 21-395 (TJK), 2022 WL 2713349, at *3 (D.D.C. July 13, 2022); *Jain v. Renaud*, No. 21-CV-03115-VKD, 2021 WL 2458356, at *4 (N.D. Cal. June 16, 2021) (finding a rule of reason on a motion for a preliminary injunction).

ECF No. 25. The question that thus remains is whether Plaintiff has plausibly alleged that USCIS failed to follow its rule of reason. *See Olofin*, 2023 WL 1860962, at *3; *Fisher v. Renaud*, No. CV 21-2690-DMG (EX), 2022 WL 3574703, at *5 (C.D. Cal. July 15, 2022) ("The courts that have concluded the visa availability approach did not constitute a rule of reason generally reached that conclusion not because the visa availability approach to prioritizing petitions was not a reasonable alternative to first-in, first-out, but based on the plaintiff's allegations that USCIS did not actually follow that approach.").

Plaintiff primarily relies on the fact that EB-5 visas are immediately available for petitions from his home country, El Salvador. Compl. ¶ 12; Pl.'s Opp. at 2–3. This allegation is insufficient to prove USCIS is not governed by the visa availability approach: whether a visa is "immediately available" or not is only part of the inquiry. USCIS *then* processes visas on a first in, first out basis, meaning that Plaintiff's petition is only prioritized over those from oversubscribed countries, *not* over those from other countries where visas are "currently available."[5] Thus, as courts have previously noted, "the delay that [Plaintiff] and similarly situated parties face is nonetheless explainable: other applicants may already be ahead of them in line." *Olofin*, 2023 WL 1860962, at *3; *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 51 (D.D.C. 2021) ("[Plaintiff's] arguments do not account for the possibility that many others in his situation—those with available visas who invested in a regional center—filed their petitions before he did."), *appeal dismissed*, No. 21-5048, 2021 WL 1440155 (D.C. Cir. Apr. 15, 2021).

Beyond this one allegation, Plaintiff only points to the delay in his petition's adjudication to allege that USCIS is ungoverned by a rule of reason. But "the Supreme Court has held that

---

[5] A country is "oversubscribed" in a visa category where "the number of qualified applicants in a visa category is greater than the amount of visa numbers available for allotment for the month[.]" *Feng Wang v. Pompeo*, 354 F. Supp. 3d 13, 18 (D.D.C. 2018).

8

evidence of the passage of time cannot, standing alone, support [a claim for unreasonably delayed administrative action]." *Espin v. Gantner*, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005) (citing *INS v. Miranda*, 459 U.S. 14, 19 (1982)). Further, the amount of time that Plaintiff's I-526 application has been pending—approximately 41 months—is not unreasonable as a matter of law. First, this time frame includes nine months in which Congress failed to renew USCIS's statutory authority to process EB-5 petitions, meaning the true amount of time Plaintiff's petition has been pending when USCIS could *actually* adjudicate it is closer to 32 months. *Olofin*, 2023 WL 1860962, at *4 (omitting nine months from the plaintiff's delay period); *Da Costa*, 2022 WL 17173186, at *10 (same). Second, although Plaintiff's contention that average processing time for I-526 petitions was 19 months in the fiscal year 2019 is correct, Compl. ¶ 19, that number only reflects the 50th percentile of processing times within the year 2019. *See* USCIS, *Historical Case Processing Times* (last visited Mar. 12, 2023), https://egov.uscis.gov/processing-times/historic-pt. USCIS currently completes 80% of Form I-526 petitions from countries that are not China or India—like Plaintiff's home country of El Salvador—within 58.5 months. *See* USCIS, *Check Case Processing Times*, available at https://egov.uscis.gov/processing-times/ (last accessed Mar. 8, 2023).

The Court acknowledges that this average processing time is lengthy, and that average processing times do not always necessarily equate to reasonable ones. *See Lyons*, 2023 WL 144879, at *6. But "district courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Otto v. Mayorkas*, No. 8:22-CV-1172-WFJ-SPF, 2023 WL 2078270, at *5 (M.D. Fla. Feb. 17, 2023) (quoting *Yavair v. Pompeo*, No. 19-cv-2524 (SVW-JC), 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019)); *see also Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (finding a "delay of almost five years" was not unreasonable). And "[c]ourts have held a long

period of delay in processing times, standing alone, is reasonable under the APA." *Xiaoling Hu v. Sessions*, No. 18-CV-2248, 2020 WL 7486681, at *3 (E.D.N.Y. Dec. 17, 2020). "Thus, without any adequately alleged irregularities, the Court concludes that USCIS is managing a mountain of applications in a manner that follows a rule of reason under the first *TRAC* factor." *See Aydemir*, 2022 WL 4085846, at *4 (cleaned up).[6]

### C. *TRAC* Factor 2: Congressional Timetable

The second *TRAC* factor— whether Congress has provided a timetable that informs this rule of reason—weighs only slightly in favor of Plaintiff. According to Congress, "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b). Plaintiff alleges that "[u]nder the most straightforward reading of 8 U.S.C. § 1571(b), all immigrant visa petitions that are not finally adjudicated within 180 days of the date of submission are unreasonably delayed." Compl. ¶ 11. But this Court recently held and now reiterates that "this precatory statement does not set a deadline by which USCIS must adjudicate an application." *Aydemir*, 2022 WL 4085846, at *5 (collecting cases). Therefore, although this factor weighs in Plaintiff's favor as "it is certainly an indication of Congress' stated goal of processing visa petitions within six months," it does not "automatically" render the delay in this case unreasonable. *Saharia*, 2022 WL 3141958, at *6.

---

[6] Recently, a different plaintiff's APA claim in this District survived a motion to dismiss based on sufficiently pleading USCIS failed to follow a rule of reason in adjudicating his I-526 petition. *Lyons*, 2023 WL 144879, at *5. The Court finds this case distinguishable. In *Lyons*, the Court found it "premature" to find USCIS was governed by a rule of reason in processing the plaintiff's I-526 petition where the plaintiff alleged facts related to a years-long increase in processing times with a simultaneously decrease in petitions. *Id.* at *4–5. In many of the other cases where courts have denied motions to dismiss APA claims, courts relied on similar facts. *See, e.g., Fisher*, 2022 WL 3574703, at *5; *Jingjing Liu v. Mayorkas*, No. 20-CV-654 (CRC), 2021 WL 2115209, at *3 (D.D.C. May 25, 2021). Plaintiff, however, makes no such allegations here.

### D. *TRAC* Factors 3 and 5: Health, Welfare, and Other Interests Prejudiced[7]

The prejudice resulting from delay also weighs slightly in Plaintiff's favor but is ultimately insufficient to grant relief. Plaintiff alleges he has suffered harm because (1) he is unable to accept employment without "special restrictions"; and (2) he lacks the freedom to travel outside the United States, and therefore cannot attend a mandatory study abroad program. Compl. ¶ 19. While employment and travel restrictions may constitute prejudice under the *TRAC* factors, these allegations do not help Plaintiff. First, the Complaint fails to allege which "special restrictions" are placed on his employment, rendering his allegations conclusory. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting a court need not rely on conclusory statements on a motion to dismiss). In his opposition, he notes for the first time that he is "restricted in his ability to obtain employment" because, instead of working on permanent basis, he would "only be eligible for temporary work authorization, with an expiration date[.]" Pl.'s Opp. at 4. Even if the Court credits this assertion outside of the Complaint, Plaintiff essentially admits that he is not *prevented* from obtaining employment, only that his options would be limited. *Aydemir*, 2022 WL 4085846, at *5 ("[Plaintiff] does not allege he cannot find work in *any* position, nor that he is barred from working altogether . . . [and] the stigma of reporting his status as a green card applicant to potential employers is a harm that [Plaintiff] shares with every other applicant in his position."). Second, while the Court is sympathetic to Plaintiff's frustration with his travel restrictions, and his inability to attend his "mandatory study abroad program," Compl. ¶ 19, Plaintiff does not allege restrictions that implicate his or his family's health and human safety; his allegations are therefore insufficient.

---

[7] "Courts generally analyze the third and fifth [*TRAC*] factors together." *Boussana v. Johnson*, No. 14 CIV. 3757 LGS, 2015 WL 3651329, at *9 (S.D.N.Y. June 11, 2015)

*See Liuqing Zhu v. Cissna*, No. CV 18-9698 PA (JPRX), 2019 WL 3064458, at *4 (C.D. Cal. Apr. 22, 2019).

Ultimately, even construing Plaintiff's employment and travel limitations in the light most favorable to Plaintiff, these circumstances are the "sort of prejudice [that] is inherent in the [] application process; worthy applicants are not entitled to benefits until their applications have been assessed and approved." *Fangfang Xu*, 434 F. Supp. 3d at 54; *see also Saleh*, 367 F. Supp. 2d at 513 (citation omitted) ("Plaintiff asserts that he has been greatly inconvenienced in travel for business and personal reasons due to his immigration status, but his request for adjudication disregards entirely the fact that there are 160,000 applications pending aside from his own."). Nevertheless, because Plaintiff *does* allege adverse employment consequences and restrictions on travel, the Court finds ultimately this factor favors Plaintiff more than Defendant on a motion to dismiss, albeit slightly. *See Saharia*, 2022 WL 3141958, at *7; *Lyons*, 2023 WL 144879, at *9 (finding these factors to weigh slightly in the plaintiff's favor where he "plausibly allege[d] that he has endured at least some prejudice to important interests as a result of USCIS's delay . . .").

### E. *TRAC* Factor 4: Consequences of Expediting Agency Action

The fourth factor also weighs in favor of dismissal. The fourth factor addresses "whether expediting the adjudication of Plaintiff's I-526 petition would 'harm other agency activities of equal or greater priority.'" *Saharia*, 2022 WL 3141958, at *7 (quoting *Nibber v. U.S. Citizenship & Immigr. Servs.*, No. 20-3207 (BAH), 2020 WL 7360215, at *7 (D.D.C. Dec. 15, 2020)). The D.C. Circuit has noted the importance of this factor and has "refused to grant relief, even though all the other factors considered in *TRAC* favored it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)

(citation and brackets omitted); *see also Ying Yu Liu v. Wolf*, No. 19 Civ. 410, 2020 WL 2836426, at *9 (S.D.N.Y. May 30, 2020) (reasoning that "leapfrogging" other applicants would "undermin[e] USCIS's reasons" for implementing a queue system).

Plaintiff alleges this concern does not apply to his application, as "Defendant's EB-5 Program visa availability approach supposedly prioritized adjudication of an immigrant visa where a visa number is available for the petitioner. In this matter, where Plaintiff is from El Salvador, an EB-5 immigrant visa has always been available to him." Pl.'s Opp. at 4–5. But once again, this assumes that simply because a visa is "available", the agency will immediately adjudicate it. As the Court discussed *supra*, that is not the case. Plaintiff also points to the filing fee he paid for his visa but makes no effort to differentiate his petition from the other similar petitions pending where others paid the exact same fee. *See Punt*, 2023 WL 157320, at *4 ("[Plaintiff] does not allege that USCIS treated him differently from anyone else similarly situated. Accordingly, the Court agrees with other courts in this District that have found that the fourth TRAC factor weighs against relief in substantially similar situations."). This is especially troublesome because Plaintiff makes no effort to argue adjudicating his petition would help petitioners as a *whole*, but rather he appears only to seek to jump ahead of those without the capacity to sue. *See Palakuru*, 521 F. Supp. 3d at 52 (quotations omitted) ("Were the Court to compel the Government to act on [Plaintiff's] petition, it would simply move him to the head of the queue because he sued."); *Otto*, 2023 WL 2078270, at *5 (M.D. Fla. Feb. 17, 2023) (quotations omitted) ("Moreover, switching positions of applicants would produce no net gain in the overall progression of adjudications.").

Ultimately, Plaintiff provides no indication that USCIS "officials not working on [Plaintiff's] matters were just twiddling their thumbs" rather than adjudicating I-526 petitions for

13

other applicants that have waited longer than him. *Xiaobin Xu v. Nielsen*, No. 18-CV-2048, 2018 WL 2451202, at *2 (E.D.N.Y. May 31, 2018) (quoting *Mashpee*, 336 F.3d at 1100–01).

### F. *TRAC* Factor 6: Agency Impropriety Contributing to Delay

Finally, Plaintiff does not allege agency impropriety has contributed to USCIS's delay in adjudicating his green card application. However, Plaintiff need not plead an improper motive to properly plead an unreasonable delay. *See Keller Wurtz v. United States Citizenship & Immigr. Servs.*, No. 20-CV-2163-JCS, 2020 WL 4673949, at *6 (N.D. Cal. Aug. 12, 2020). This final factor is therefore neutral.

\* \* \*

On whole, the first and fourth *TRAC* factors favor Defendant, while the second, third and fifth slightly favor Plaintiff and the sixth is neutral. As the first and fourth factors are the most important factors, and the other factors at best only slightly favor Plaintiff, the Court finds dismissal of Plaintiff's claim appropriate. *See Aydemir*, 2022 WL 4085846, at *6. The dismissal is without prejudice as the Court dismisses on the adequacy of Plaintiff's factual allegations and leave to amend should be "freely give[n]." Fed. R. Civ. P. 15(a)(2).

### III. Mandamus Claim

Plaintiff also fails to allege a claim under the Mandamus Act. Under the Mandamus Act, federal "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To obtain relief under the Mandamus Act, a plaintiff must show that "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008). Mandamus jurisdiction is

"closely related to the merits of whether a writ of mandamus should issue." *Ocuto Blacktop & Paving Co., Inc. v. Perry*, 942 F. Supp. 783, 786 (N.D.N.Y. 1996).

Plaintiff cannot pursue a Mandamus claim when an adequate remedy is available under the APA. *See Lyons*, 2023 WL 144879, at *9 (collecting cases). This is true even though Plaintiff failed to adequately plead that alternative remedy. *Aydemir*, 2022 WL 4085846, at *6. Accordingly, mandamus relief is not available. *See Ying Yu Liu*, 2020 WL 2836426, at *10; *Sharkey*, 541 F.3d at 93 (mandamus claim should be dismissed when it duplicates claims brought under the APA).

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED** without prejudice to its renewal should Plaintiff's application remain pending to an unreasonable degree. The Clerk of Court is respectfully directed to close the motion at ECF No. 23 and close this case.

Dated: New York, New York
March 15, 2023

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge